Bell as a witness and have him decline to testify, all in the presence of the jury. This should not have been allowed and constitutes error, as it could be offered for no other purpose under the circumstances than to compel or invite the said Bell, who was then under indictment for the same offense, to refuse to testify in order to use this as an incriminating fact against the appellant."

See also Rice v. State, 121 Tex.Cr.R. 68, 51 S.W.2d 364; Lackey v. State, 148 Tex. Cr.R. 623, 190 S.W.2d 364.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Commissioner.

Appellant was convicted of the felony offense of driving a motor vehicle upon a public highway while intoxicated after he had been previously convicted of a misdemeanor in so driving while intoxicated. The jury assessed the punishment at 90 days in jail and a fine of $100 and judgment and sentence duly pronounced and entered.

No notice of appeal is found in the record, in the absence of which we have no jurisdiction to enter any order except to dismiss the appeal.

The appeal is dismissed.

Opinion approved by the Court.

### SCOTT v. STATE.
No. 26031.

Court of Criminal Appeals of Texas.

Nov. 12, 1952.

